**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

JOHN F. TOMASIC and KATHERINE A.
HOOVER, Owners of Sunny,

    Plaintiffs,

v.                                                Case No. 3:15-cv-1481-J-34MCR

BRAD EUBANKS, SOUTHERN
DRYDOCK, INC., DIP, Insured, and
TRAVELERS PROPERTY CASUALTY
COMPANY OF AMERICA,

    Defendants.

_____

# O R D E R

    **THIS CAUSE** is before the Court on the Report and Recommendation (Dkt. No. 202; Report), entered by the Honorable Monte C. Richardson, United States Magistrate Judge, on May 31, 2018. In the Report, Judge Richardson recommends that Plaintiffs' Motion to Set Aside the Mediation Agreement of October 26, 2017 and Order Binding Arbitration (Dkt. No. 184; Motion to Set Aside) be denied; Eubanks's Motion to Enforce Settlement (Dkt. No. 189) be granted; Travelers' Motion for Sanctions (Dkt. No. 188) be denied; and Eubanks's Motion for Fees (Dkt. No. 194) be denied. See Report at 2, 19. Judge Richardson further recommends that the Court enforce the terms of the Mediated Settlement Agreement[1] by requiring Plaintiff John Tomasic to sign a complete release of

---

[1] Pursuant to Judge Richardson's Order (Dkt. No. 197), the Mediated Settlement Agreement has been filed under seal. See Mediated Settlement Agreement (Dkt. No. 200).

claims provided by Defendants and ordering Defendants to provide the negotiated settlement sum to Plaintiffs upon execution of the release by Mr. Tomasic.  See id. at 19.

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b).  If no specific objections to findings of fact are filed, the district court is not required to conduct a de novo review of those findings.  See Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993); see also 28 U.S.C. § 636(b)(1).  However, the district court must review legal conclusions de novo.  See Cooper-Houston v. Southern Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994); United States v. Rice, No. 2:07-mc-8-FtM-29SPC, 2007 WL 1428615 at *1 (M.D. Fla. May 14, 2007).

The Magistrate Judge entered the Report on May 31, 2018, and the Clerk's Office mailed a copy of the Report to Plaintiffs on that same day, May 31, 2018.  On the first page of the Report, the Magistrate Judge advised the parties of their right to file specific objections to the proposed findings within 14 days of being served with the Report.  See Report at 1 n.1.  As such, any objections to the Report were required to be filed no later than June 14, 2018.  No objections were filed by that date.  On June 18, 2018, Plaintiffs filed a Notice to the Court (Dkt. No. 203; Notice).  In the Notice, Plaintiffs assert that they did not receive the Report until June 9, 2018, and mistakenly calculate the deadline for the filing of any objection to be June 25, 2018.  See id.

On June 26, 2018, Plaintiffs filed Plaintiffs' Objections to Report and Recommendation – Docket 202 (Dkt. No. 204; Objections).  The Objections are untimely and due to be overruled for, at least, three reasons.  First, and perhaps most importantly, the deadline for filing any objection expired on June 14, 2018, twelve days before Plaintiffs

filed their Objections. Next, the Court rejects Plaintiffs' contention that they did not receive the Report until June 9, 2018, given that it was mailed to their address in Green Cove Springs on May 31, 2018. And last, the Court notes that even by Plaintiffs' own, inaccurate calculation of the objection deadline as being June 25, 2018, they did not file the Objections until June 26, 2018. Because the Objections are without question untimely, for that reason alone, the Objections are due to be overruled.

Nevertheless, in an abundance of caution, the Court has reviewed the Objections and finds them to be lacking in merit. Preliminarily, the Court notes that many of the arguments made by Plaintiffs in the Objections, particularly those in paragraphs 4 – 8 and 11 – 12 relate to their underlying claims against the various Defendants as well as the damages allegedly suffered by Plaintiffs. These allegations do not relate to the enforceability of the Mediated Settlement Agreement. As such, the Court will not address them further here.

With regard to the Mediated Settlement Agreement itself, Plaintiffs contend that it is unenforceable because neither Defendant Brad Eubanks nor Defendant Southern Drydock Inc., DIP signed the document. See Objections at ¶¶ 2, 3. However, Plaintiffs fail to recognize that counsel for each of these Defendants did sign the document on behalf of their respective clients, and such signatures are sufficient. See Mediated Settlement Agreement (Dkt. No. 200) at 2.

Plaintiffs also allege that Mr. Tomasic "lacked testamentary capacity" on the day the parties reached the Mediated Settlement Agreement, "[t]hat there was no meeting of the minds" and that Mr. Tomasic "did not understand the terms of the mediation agreement on October 26, 2017 and did not exercise free will." Objections at ¶¶ 1, 9; Affidavit of

John F. Tomasic.  Plaintiffs provide no evidence of incapacity and fail to identify any material, substantial term of the Mediated Settlement Agreement which Mr. Tomasic could not understand or on which the parties failed to agree.  The self-serving and entirely conclusory allegations of the Objections are insufficient to cast any doubt on the Magistrate Judge's conclusion that the parties agreed on the essential terms of the Mediated Settlement Agreement.  See Report at 7.

Last, the Court rejects Plaintiffs' contention that "it is not Mr. Tomasic's signature" on the Mediated Settlement Agreement.  See Objections at ¶¶ 1, 10.  Notably, in their Motion to Set Aside, Plaintiffs specifically acknowledge that Mr. Tomasic himself signed the Mediated Settlement Agreement.  See Motion to Set Aside at 2 – 3, 4 ("Dr. Hoover pressured [Mr. Tomasic] to sign on October 26, 2017. . . .  If Mr. Tomasic had been in better health at the time of the mediation, he would . . . not have signed the agreement."; "At the time Mr. Tomasic signed the agreement, . . . .").  Thus, any attempt here to deny that Mr. Tomasic's signature on the Mediated Settlement Agreement is genuine simply fails.  All of Plaintiffs' objections are due to be overruled.

Upon independent review of the file and for the reasons stated above and in the Magistrate Judge's Report, the Court will overrule the Objections and accept and adopt the legal and factual conclusions recommended by the Magistrate Judge.[2]  Accordingly, it is hereby

**ORDERED:**

---

[2] In doing so, the Court construes the various references to "Ms." Hoover in the Report to be references to "Dr." Hoover.  Additionally, the Court emphasizes that in finding that sanctions are not warranted here, the Court does not rely on the fact that the Plaintiffs are proceeding pro se.  Rather, based on the circumstances of this case, the Court's resolution of the sanctions issue would be the same had an attorney filed the Motion to Set Aside.

1. Plaintiffs' Objections to Report and Recommendation (Dkt. No. 204) are **OVERRULED**.

2. The Magistrate Judge's Report and Recommendation (Dkt. No. 202) is **ADOPTED** as the opinion of the Court.

3. Plaintiffs' Motion to Set Aside the Mediation Agreement of October 26, 2017 and Order Binding Arbitration (Dkt. No. 184) is **DENIED**.

4. Defendant, Brad Eubanks's, Opposition to Plaintiff's Motion to Set Aside Mediation Agreement and Motion to Enforce Settlement (Dkt. No. 189) is **GRANTED**.

5. Defendant Travelers Property Casualty Co. of America's Motion for Sanctions Against Plaintiffs (Dkt. No. 188) is **DENIED**.

6. Defendant's Motion for Award of Attorney's Fees Pursuant to §57.105 Florida Statutes (Dkt. No. 194) is **DENIED**.

7. Defendants shall contact Plaintiffs and arrange to meet in person within **fifteen (15) days** from the date of this Order. At the agreed time, Plaintiff Tomasic must execute the complete release of all claims in this action, which Defendants shall provide.[3] Upon receipt of the executed release, Defendants shall immediately furnish Plaintiffs with the monetary sum noted in the Settlement Agreement and Release of All Claims. Upon payment of the monetary sum to Plaintiffs, Defendants shall notify the Court that the settlement has been completed.

---

[3] Defendants must remove the confidentiality provision from the release of claims.

8. If Plaintiffs fail to comply with their obligations under the Mediated Settlement Agreement by failing to execute the required release of claims, the Court will enforce the Mediated Settlement Agreement by dismissing Plaintiffs' claims <u>with</u> <u>prejudice</u>, and retaining jurisdiction over this action only to enforce any remaining obligations arising from the Mediated Settlement Agreement.

**DONE AND ORDERED** in Jacksonville, Florida this 6th day of July, 2018.

*[signature]*
MARCIA MORALES HOWARD
United States District Judge

ja
Copies to:
Counsel of Record
Pro Se Parties